UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ALEXANDER OCANDO,<br><br>Petitioner,<br>v.<br><br>WARDEN et al.,<br><br>Respondent. | CASE NO. 2:26-cv-03783-DGE<br><br>ORDER GRANTING IFP APPLICATION (DKT. NO. 1) AND DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 1-2) |

Before the Court is Petitioner's application to proceed *in forma pauperis* ("IFP") in this habeas action and a motion to appoint counsel. (Dkt. Nos. 1, 1-2.) Pursuant to 28 U.S.C. § 1915(a), the Court may permit an indigent litigant to proceed IFP if the litigant submits an affidavit that declares all assets, the nature of the action, and an entitlement to redress. "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)) (internal quotation

marks removed). “This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance.” *Portillo v. U.S. Citizenship & Immigr. Servs*., No. C21-5312BHS, 2021 WL 3015201, *1 (W.D. Wash. June 2, 2021). A court should “deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.” *Tripati v. First Nat’l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987).

Petitioner is currently detained at the Northwest Immigration and Customs Enforcement Processing Center (Dkt. No. 1-1 at 1) and has submitted a declaration indicating that he only has $48.46 in his detainee account. (Dkt. No. 1 at 2–3.) Accordingly, Petitioner’s application to proceed *in forma pauperis* (Dkt. No. 1) is GRANTED. Petitioner also provides a blank application for court-appointed counsel (Dkt. No. 1-2). Thus, Petitioner’s motion for appointed counsel is DENIED.

The Clerk’s office shall issue the Court’s standard scheduling order for immigration habeas corpus cases. The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party’s last known address.

Dated this 8th day of October, 2026.

David G. Estudillo
United States District Judge